### 9017.  NEWBERRY *v.* THE STATE.

BLOODWORTH, J. The motion for a new trial being based on the general grounds, alleging no error of law on the part of the trial judge, and the evidence, though conflicting, being sufficient to support the verdict, this case falls within the general rule, so repeatedly announced, that under such circumstances the verdict, after its approval by the trial judge, will be allowed to stand.

       *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

            DECIDED OCTOBER 31, 1917.

Indictment for larceny; from Miller superior court—Judge Worrill.   June 9, 1917.

*Billie B. Bush,* for plaintiff in error.

*B. F. Castellow, solicitor-general, R. R. Arnold,* contra.

---

### 9027.  SAPP *et al. v.* CITY OF BAXLEY.

BLOODWORTH, J. The condition of the bonds attached to and made a part of the petition for certiorari is as follows: "that the defendant shall and will personally appear and abide the final judgment of the court upon the said fine and sentence in said case, *and if the defendant shall so appear thou [then?] said bond to be in full force and effect*" (italics ours). This does not meet the requirement of the statute (Acts 1902, p. 105, Park's Ann. Code, § 5191 (a) ); and no pauper affidavit having been made, the judge of the superior court did not err in refusing to sanction the certiorari.

       *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

            DECIDED OCTOBER 31, 1917.

Certiorari; from Appling superior court—Judge Highsmith. June 4, 1917.

*H. L. Williams, A. A. McLean,* for plaintiff in error.